CITED *in Den* v. *Morris*, 3 *Hal.* 213

---

[296]     SHOTWELL'S EXECUTORS v. DENNMAN.

If, on reversing a judgment of an inferior court, the merits appear on the record to be with the plaintiff, the court above may give judgment on the case. But if it is reversed for some deficiency in defendant's proof, which may be supplied on another trial, a *venire de novo* should be directed.

---

In September Term, 1793, this court had reversed a judgment given in this cause by the Common Pleas of Essex county, from which it had been removed by writ of error on a bill of exceptions. The ground on which the judgment was reversed was that there was a deficiency on the part of the defendant in proving a tender. See this cause in September Term, 1793, *ante* 174.

*El. Boudinot* now moved that judgment be entered on the record for the plaintiff, or that this court direct a *venire de*

Shotwell's Executors v. Dennman.

*novo* to issue. He cited *Parker* v. *Harris*, 1 *Salk.* 262, *pl.* 2 ; *Viner's Abr., title " Error," pl.* 3, *note, and pl.* 8 ; *Id.* 581, § 5; 1 *Salk.* 401, *pl.* 8.

PER CUR. (After stating the case.) The question is, whether a *venire de novo* should issue, or judgment be entered for the plaintiff upon the record, by this court.

None of the cases that have been cited are in point. Where a judgment in favor of defendant is reversed on the merits of the case, and where it appears that the court below, instead of giving judgment for the defendant, should have given judgment for the plaintiff, that he recover his debt, there the court which reverses should give the same judgment which the inferior court ought to have given. Here, however, it was given on a point overruled. Neither this court nor the inferior one can give judgment on this case, for the merits are not fully before either. A *venire de novo* must issue, and the defendant have the liberty of proving that the bills were a legal tender. The case from *Salkeld* 401, shows that under such circumstances the court cannot give final judgment, because the whole case does not appear before them.

It does not appear to us, nor does it follow because the court below did not think it necessary, but that the defendant may be able to make out the point which we have decided to be necessary for him to prove, and he should be allowed an opportunity of doing it.

[297] The jury have here found a verdict without having received any proof of a fact which we think essential, because they were misdirected by the court below. The issue, therefore, has not been properly tried, and, until it is, we have not the facts so before us as to warrant us in giving judgment.

*Venire de novo* awarded.